IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,913-01 and 02






EX PARTE JAMES DOUGLAS McBRIDE, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. W01-27736-M(A) and W02-00442-M(A) IN THE 194th DISTRICT COURT
FROM DALLAS COUNTY 





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offenses
of murder and attempted murder and sentenced to imprisonment for life and twenty years,
respectively.

 The Applicant alleges that he received ineffective assistance of counsel and that his pleas
were rendered involuntary due to the ineffective assistance of counsel. In response to these claims,
the State asserts, in pertinent part:

 The State contends that Applicant was provided with effective assistance of counsel. The
State, however, recognizes that further evidence may be needed regarding counsel's
representation of Applicant. Therefore, the State requests that this Court issue an order
designating issues and gather evidence, as is customary, by way of affidavit from defense
counsel or hearing should the Court deem such to be necessary.


 The habeas records were then forwarded to this Court without any response from trial counsel
and without findings of fact and conclusions of law from the trial court. Therefore, we remand these
applications to the 194th District Court of Dallas County so that the trial judge may conduct an
evidentiary investigation and enter findings of fact and conclusions of law.

 These applications will be held in abeyance until the trial court has resolved the issue of
whether the Applicant received ineffective assistance of counsel in these cases. The issues shall be
resolved within 90 days of this order. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along
with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this
Court within 120 days of the date of this order. Any extensions of time shall be obtained from this
Court. 


Filed: February 6, 2013

Do not publish